1  Dylan B. Carp (State Bar No. 196846)
   Joshua A. Kuns (State Bar No. 272206)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, CA  94111
   Telephone:  (415) 394-9400
4  Facsimile:   (415) 394-9401
   E-mail:  carpd@jacksonlewis.com
5           joshua.kuns@jacksonlewis.com

6  Attorneys for Defendant
   NEXSTAR BROADCASTING, INC.
7

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11 | FAITH SIDLOW a.k.a. FAITH SOARES-WILSON, and RICHARD NITIDO, | Case No.
12 |                                                              | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332 AND 1441(a)**
13 |                          Plaintiffs,                         |
14 |              vs.                                             | **[DIVERSITY JURISDICTION]**
15 | NEXSTAR BROADCASTING, INC., a Delaware corporation, and DOES 1 through 20, inclusive, |
16 |                                                              | State Complaint Filed:  April 1, 2014
                                                                    Trial Date:  None Set
17 |                          Defendants.                         |

18

19      TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT

20 OF CALIFORNIA, PLAINTIFFS FAITH SIDLOW AND RICHARD NITIDO, AND THEIR

21 ATTORNEYS OF RECORD:

22      PLEASE TAKE NOTICE that Defendant NEXSTAR BROADCASTING, INC.

23 ("Defendant" or "Nexstar"), a Delaware corporation having its principal place of business and

24 headquarters located in the State of Texas, hereby invokes this Court's jurisdiction under the

25 provisions of 28 U.S.C. §§ 1332 and 1441(a) and removes the above-entitled action to this Court

26 from the Superior Court of the State of California in and for the County of Fresno.

27 ///

28 ///

**PRELIMINARY STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**VENUE**

2. Defendant alleges that venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this action in the Superior Court of the State of California in and for the County of Fresno. Thus, venue properly lies in the United States District Court for the Eastern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

**PLEADINGS, PROCESS AND ORDERS**

3. On April 1, 2014, Plaintiffs Faith Sidlow and Richard Nitido (collectively "Plaintiffs") filed a civil complaint against Defendant Nexstar, a Delaware corporation having its principal place of business and headquarters located in the State of Texas, in the Superior Court of the State of California in and for the County of Fresno ("Superior Court") entitled *FAITH SIDLOW a.k.a. FAITH SOARES-WILSON, and RICHARD NITIDO, Plaintiffs v. NEXSTAR BROADCASTING, INC., a Delaware corporation, and DOES 1 through 20, inclusive, Defendants*, Case No. 14CECG00907 ("Complaint"). Plaintiffs' Complaint sets forth two (2) causes of action, as follows: (1) Retaliation in Violation of Government Code §12940; and (2) Wrongful Termination in Violation of Public Policy.

4. Plaintiff served the Summons and Complaint on Defendant's agent for service of process on April 3, 2014. The Complaint did not specify the exact amount of damages sought. (A copy of the conformed Summons, Complaint and other related court documents served on Defendant is attached as Exhibit A.) Thereafter, on or about April 28, 2014, Plaintiffs filed a

First Amended Complaint ("FAC") setting forth two (2) causes of action, as follows: (1) Discrimination in Violation of Government Code §12940; and (2) Wrongful Termination in Violation of Public Policy. The FAC did not specify the exact amount of damages sought. (A copy of Plaintiffs' FAC served on Defendant is attached as Exhibit B.)

5. On May 1, 2014, Defendant filed an answer to Plaintiffs' Complaint. (A copy of Defendant's conformed Answer to Plaintiffs' Complaint is attached as Exhibit C.) Thereafter, Defendant filed an answer to Plaintiffs' FAC on May 2, 2014. (A copy of Defendant's Answer to Plaintiffs' FAC is attached as Exhibit D.)

**DIVERSITY JURISDICTION UNDER 29 U.S.C. § 1332(a)**

6. Diversity jurisdiction under § 1332(a) is established where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

**TIMELINESS OF REMOVAL**

7. This Notice of Removal is timely because this Notice of Removal is filed within thirty days after Defendant was served with papers from which it could first be ascertained that the case was removable. *See* 28 U.S.C. § 1446(b).

**DIVERSITY OF CITIZENSHIP**

8. Complete diversity of jurisdiction exists in that Plaintiffs were, at the time of filing of the Complaint, and still are, residents and citizens of the State of California and Nevada. (Complaint ¶¶ 1, 2.) Specifically, Plaintiff Sidlow was and is a resident of the County of Fresno, State of California. (Complaint ¶ 1.) Likewise, Plaintiff Nitido is a resident of the State of Nevada. (Complaint ¶ 2.)

9. For diversity purposes, a corporation is considered a citizen of any state by which it is incorporated and of the state where it has its principal place of business. (28 U.S.C. § 1332(c)(1).) Here, Defendant was, at the time of the filing of the Complaint, and still is, a corporation incorporated under the laws of the State of Delaware. (Declaration of Terri Bush ("Bush Decl."), ¶ 3.) Defendant maintains its principal place of business and headquarters in the State of Texas. (Id. at ¶ 4.)

10. There are no other defendants named in Plaintiffs' Complaint. Thus, there are no other defendants to join in the removal of this action.

## AMOUNT IN CONTROVERSY

11. Without conceding that Plaintiffs are entitled to damages or could recover damages in any amount whatsoever, the amount in controversy for each individual Plaintiff in this action exceeds $75,000.

12. In determining whether the amount in controversy exceeds $75,000.00 for a plaintiff, the Court must presume the plaintiff will prevail on each and every one of his/her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1, (9th Cir. 2002).

13. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (citations omitted). Here, that standard is satisfied for the following reasons:

14. Plaintiffs request damages for general, special and punitive damages, plus "costs of suit" and "reasonable attorney's fees" and "injunctive relief and other such relief as the Court may deem just and proper." (Prayer for Relief.)

15. Plaintiff Sidlow's base salary, at the time of her termination, was approximately $42,731 per year. (Bush Decl., ¶ 5.) Plaintiff Nitido's base salary, at the time of his termination, was approximately $83,000 per year. (Bush Decl., ¶ 6.) Plaintiffs are demanding lost wages, as well as "interest in the amount of losses incurred in earnings, deferred compensation and other

employee benefits at the prevailing rate." (Prayer for Relief.) Plaintiffs are also alleging loss of benefits and other monies. (Complaint, ¶ 20.) Plaintiff Sidlow alleges she began incurring damages since her discharge and not later than July 2013. (See, Complaint, ¶ 11.) Assuming a case resolution two years after the date of filing of the notice of removal, Defendant may owe Sidlow approximately $121,071 in back pay. In addition, Sidlow received employee benefits, including medical coverage. (Bush Decl., ¶ 5.) Plaintiff Nitido alleges he began incurring damages since his discharge and not later than December 2013. (See, Complaint, ¶ 13.) Assuming a case resolution two years after the date of filing of the notice of removal, Defendant may owe Nitido approximately $235,167 in back pay. In addition, Nitido also received employee benefits, including medical coverage. (Bush Decl., ¶ 6.)

16. In addition, both Plaintiffs request: punitive damages for Defendant's alleged conduct (Complaint, ¶¶ 21, 27; Prayer for Relief); compensation for Plaintiffs' alleged "emotional distress" (Complaint, ¶¶ 20, 26); and for attorney fees (Complaint, ¶ 22; Prayer for Relief).

17. Emotional distress damages are included in calculating the amount in controversy. *Simmons v PCR Technology*, 209 F. Supp.2d 1029, 1033 (N.D. Cal. 2002). To establish probable recovery, a removing defendant may introduce evidence of judgments in cases involving analogous facts. *Id.* In a recent case in the Northern District, *Allen v Radio Shack Corporation*, Case No. C11-03110 WHA (N.D. Cal. Mar. 1, 2013), a jury awarded $60,000 in emotional distress damages to a plaintiff alleging wrongful termination. (Declaration of Joshua Kuns, Exhibits E and F, Judgment and Special Verdict for *Allen*) Accordingly, each Plaintiff has at least $60,000 in emotional distress damages in controversy.

18. Punitive damages are also included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). In *Allen*, the jury awarded $500,000 in punitive damages to the plaintiff. (Kuns Decl., Exhibits E and F). Accordingly, each Plaintiff has at least $500,000 in punitive damages in controversy.

19. The amount in controversy may include attorney's fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Ninth Circuit cases firmly establish that statutory attorneys' fees will be included as a basis for determining the

1  jurisdictional amount in controversy. *Id.* at 1155-56. Furthermore, such fees in individual
2  employment discrimination cases often exceed damages. *Simmons v. PCR Technology*, 209 F.
3  Supp.2d 1029, 1035 (N.D. Cal. 2002). Accordingly, each Plaintiff has over $75,000 in fees alone
4  in controversy.

5  20.  Accordingly, Plaintiffs' allegations satisfy the jurisdictional prerequisite for the amount in controversy. It cannot be said to a legal certainty that Plaintiff Sidlow and/or Plaintiff Nitido would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386-87 (10th Cir. 1994).

10  21.  To the extent the Court finds only one Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy, the Court may still exercise jurisdiction over the other Plaintiff pursuant to 28 U.S.C. § 1367(a). *See*, *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549, 566-567 (2005) (in a diversity case, in a multi-plaintiff action if one plaintiff's claim satisfies the $75,000 threshold, the district court may exercise supplemental jurisdiction over claims by other plaintiffs in lesser amounts . . . provided all claims arise out of the same Article III case or controversy).

## **CONCLUSION**

18  WHEREFORE, Defendant prays that the above action now pending against it in the
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

| | |
|---|---|
| 1 | Superior Court of the State of California for the County of Fresno be removed to this Court. |
| 2 | Respectfully submitted, |
| 3 | Dated: May 2, 2014    JACKSON LEWIS P.C. |
| 5 | By:    /S/ Joshua A. Kuns |
| 6 | Dylan B. Carp<br>Joshua A. Kuns |
| 7 | Attorneys for Defendant<br>NEXSTAR BROADCASTING, INC. |
| 8 | 4830-8686-9530, v. 3-8686-9530, v. 2 |

7

NOTICE OF REMOVAL OF ACTION TO FEDERAL    Case No._____
COURT UNDER 28 U.S.C. §§ 1332 AND 1441(a)