# EXHIBIT A



CORPORATION SERVICE COMPANY

# Notice of Service of Process

null / ALL
Transmittal Number: 12380158
Date Processed: 04/04/2014

Primary Contact:  Shirley Green
Nexstar Broadcasting Group
545 E John Carpenter Freeway
Suite 700
Irving, TX 75062

| | |
|---|---|
| Entity: | Nexstar Broadcasting, Inc.<br>Entity ID Number  2030276 |
| Entity Served: | Nexstar Broadcasting, Inc. |
| Title of Action: | Faith Sidlow a.k.a. Faith Soares-Wilson vs. Nexstar Broadcasting, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Fresno County Superior Court, California |
| Case/Reference No: | 14 CE CG 00907 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 04/03/2014 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Shelley G. Bryant<br>559-494-4910 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>NEXSTAR BROADCASTING, INC., a Delaware corporation, and<br>DOES 1 through 20, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>FAITH SIDLOW a.k.a. FAITH SOARES-WILSON, and RICHARD<br>NITIDO | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**F I L E D**<br>FRESNO SUPERIOR COURT<br><br>APR - 1 2014<br><br>BY _____ DEPUTY |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Fresno County Superior Court<br><br>1130 "O" Street<br>Fresno, California 93724 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**14 CE CG 00907** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shelley G. Bryant, Bryant Whitten, LLP, 8050 N. Palm Ave., Ste., 210, Fresno, CA 93711 - (559) 494-4910

| DATE:<br>*(Fecha)* APR  1 2014 | Clerk, by<br>*(Secretario)* **S. GARCIA** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* NEXSTAR BROADCASTING, INC., a Delaware corporation

    under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

WARREN R. PABOOJIAN - #128462
JASON S. BELL - #213234
BARADAT & PABOOJIAN, INC.
720 West Alluvial Avenue
Fresno, California, 93711
(559) 431-5366 Telephone
(559) 431-1702 Facsimile

SHELLEY G. BRYANT #222925
AMANDA B. WHITTEN - #251160
BRYANT WHITTEN, LLP
8050 North Palm Avenue, Suite 3210
Fresno, California 93711
(559) 494-4910 Telephone
(559) 421-0369 Facsimile

FILED
FRESNO SUPERIOR COURT

APR - 1 2014

BY _____ DEPUTY

Attorneys for Plaintiff, FAITH SIDLOW and RICHARD NITIDO

FILED BY FAX

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

| | |
|---|---|
| FAITH SIDLOW a.k.a. FAITH SOARES-WILSON, and RICHARD NITIDO, <br><br> Plaintiffs, <br><br> vs. <br><br> NEXSTAR BROADCASTING, INC., a Delaware corporation, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. 14 CE CG 00907 <br><br> COMPLAINT FOR AGE DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT, PUNITIVE DAMAGES, AND ATTORNEY'S FEES <br><br> REQUEST FOR JURY TRIAL |

COMES NOW Plaintiffs, FAITH SIDLOW and RICK NITIDO, and allege as follows:

## COMMON ALLEGATIONS

1.     Plaintiff, FAITH SIDLOW a.k.a. FAITH SOARES-WILSON (hereinafter "Plaintiff Sidlow"), is an adult female who, at all times relevant herein, was and is a resident of the County of Fresno, State of California.

2.     Plaintiff, RICHARD NITIDO (hereinafter "Plaintiff Nitido"), is an adult male who, at all times relevant herein, was a resident of the County of Fresno. He is currently a resident of the

1    State of Nevada.

2         3.      Plaintiffs are informed and believe and thereupon allege, that the Defendant,

3    NEXSTAR BROADCASTING, INC., (hereinafter, referred to as "NEXSTAR") is, and at all times

4    relevant hereto, was a Delaware corporation authorized to do business in California, and was

5    conducting business in Fresno County.  The wrongful acts alleged in this Complaint arise from

6    activities of this Defendant operating as an employer in Fresno County, California.

7         4.      Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as

8    DOES 1 through 20, inclusive, and therefore sue the Defendants by such fictitious names pursuant

9    to California Code of Civil Procedure §474.  Plaintiffs are informed and believe and on that basis

10   allege that each Defendant sued under such fictitious name is in some manner responsible for the

11   wrongs and the damages as alleged below, and in so acting, was functioning as the agent, servant,

12   partner, joint venturer, alter-ego, employee, proxy, managing agent, and principal of the co-

13   Defendants, and in performing the acts mentioned below was acting, at least in part, within the course

14   and scope of that authority as such agent proxy servant, partner, joint venturer, employee, alter-ego,

15   managing agent, and principal with the permission and consent of the co-Defendants.  Plaintiffs will

16   amend the Complaint to allege the true names and capacities when the same are ascertained.

17        5.      Plaintiffs were further informed and believe and thereby allege that the acts of the

18   supervisors, managers and the individual Defendant were authorized and/or ratified by the corporate

19   Defendant, NEXSTAR.

20        6.      Plaintiffs were, at all times herein, employees covered by Government Code §§12940

21   et seq. prohibiting discrimination in employment on the aforementioned bases.

22        7.      Defendant, NEXSTAR, was and is, at all times herein mentioned, an employer within

23   the meaning of California Government Code §12926(d) and, as such, was, and is, statutorily

24   prohibited from discriminating in employment decisions on the bases set forth in California

25   Government Code §§12940 et seq.

26        8.      At all times herein, Plaintiffs were duly qualified and did perform their employment

27   duties in a satisfactory manner.

28   ///

---

**PLAINTIFFS' COMPLAINT**                                                                                          Page 2

1       9.    Plaintiffs performed and were willing to continue to perform all duties and

2 responsibilities on their part to be performed, which duties and responsibilities were part of the

3 employment relationship between Defendant, NEXSTAR, and Plaintiffs.

4      10.    Plaintiff Sidlow started work for the predecessor of Nexstar Broadcasting, Inc., in 1985

5 as a KSEE 24 news room assistant.  Later that year she was promoted to reporter/producer, and

6 eventually became a news anchor.  She was qualified for her job and performed satisfactorily or better

7 during her entire tenure.  She remained willing and able to work during the 28 years of working at

8 KSEE 24.

9      11.    In July 2013, Nexstar terminated Plaintiff Sidlow.  The company claimed she was laid

10 off to reduce costs and increase profits.  However, Plaintiff Sidlow was not offered a severance

11 commensurate with the policy and she was not laid off at the same time as others who were.  The

12 procedure used to select employees for lay off had a disparate impact on older workers. Almost all

13 of the employees selected for layoff were over the age of 40. Nexstar cannot show that the procedure

14 used to select Plaintiff Sidlow and other employees for lay off was validly devised nor administered

15 to serve a legitimate business purpose. Nexstar's proffered reason for the termination is unworthy of

16 credence, pretextual and factually baseless and Plaintiff Sidlow's age was a substantial motivating

17 factor for the adverse action. This conduct violated the Fair Employment and Housing Act.

18      12.    Plaintiff Nitido started work for the predecessor of Nexstar Broadcasting, Inc., in

19 October 2012.  The company recruited and courted him away from Disney owned KFSN, where he

20 had worked for 26 years. His most recent position with Nexstar was Creative Services Director.  He

21 managed both the Promotion and Production departments. He was qualified for the job and performed

22 satisfactorily or better during his entire tenure. He remained willing and able to work.

23      13.    In December 2013, Nexstar terminated Plaintiff Nitido. The company claimed he was

24 laid off to reduce costs and increase profits. However, the procedure used to select employees for lay

25 off had a disparate impact on older workers.  Almost all of the employees selected for layoff were

26 over the age of 40. Nexstar cannot show that the procedure used to select Plaintiff Nitido and other

27 employees for lay off was validly devised nor administered to serve a legitimate business purpose.

28 Nexstar's proffered reason for the termination is unworthy of credence, pretextual and factually

---

**PLAINTIFFS' COMPLAINT**                                                                 

1  baseless and Plaintiff Nitido's age was a substantial motivating factor for the adverse action. This

2  conduct violated the Fair Employment and Housing Act.

3     14.    Plaintiffs Sidlow and Nitido exhausted their administrative remedies prior to filing this

4  civil action. Attached hereto as Exhibits "A" and "B" are right-to-sue letters issued to Plaintiffs by

5  the California Department of Fair Employment and Housing.

6                          **FIRST CAUSE OF ACTION**
                    **Retaliation in Violation of Government Code §12940**

7

8     15.    The allegations of paragraphs 1 through 14 are re-alleged and incorporated herein by

9  reference.

10     16.    California Government Code §12940 provides in pertinent part as follows:

11         "It shall be an unlawful employment practice . . .

12         (a)    For an employer, because of the . . ....age... of any person . . .
           to discriminate against the person in compensation or in terms,
           conditions or privileges of employment.... [¶]...(k)  F o r    a n
13         employer . . . to fail to take all reasonable steps necessary to prevent
           discrimination and harassment from occurring."

14

15     17.    In enacting the Government Code Section set out in the preceding paragraph, the

16  legislature expressed the public policy of this State:

17         "The legislature finds and declares that it is the existing policy of the
           State of California to prohibit harassment and discrimination in
18         employment on the basis of any protected classification. Such conduct
           whether intentional or unintentional is a violation of the civil rights of
           California citizenry and has been shown to decrease productivity in the
19         workforce. California, as declared by the legislature, that procedures
           be established by which allegations of prohibited harassment and
20         discrimination may be filed, timely and efficiently investigated, and
           fairly adjudicated, and that agencies and employers be required to
21         establish affirmative programs which include prompt and remedial
           internal procedures and monitoring so that work sites will be
22         maintained free from prohibited harassment and discrimination by their
           agents, administrators and supervisors and clientele. To further this
23         intent, the legislature enacts this act."

24     18.    Plaintiffs were over the age of 40 at the time of termination.  Their ages were a

25  substantial motivating reason for the termination decision.

26     19.    Defendant, NEXSTAR, failed to take all reasonable steps to prevent discrimination

27  from occurring by implementing adequate policies and procedures, training, investigations, and failure

28  to take prompt and effective corrective action upon learning of the discrimination.

---

**PLAINTIFFS' COMPLAINT**                                              Page 4

20.     As a direct and proximate result of the Defendants' acts of discrimination, Plaintiffs suffered and continue to suffer substantial economic losses and interest thereon, in earnings and other employment benefits which Plaintiffs would have received. Plaintiffs suffered and continue to suffer harm including emotional distress, humiliation, embarrassment and mental anguish all to their damage in an amount according to proof.

21.     In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and each of them, engaged in discriminatory acts and conduct with malice towards Plaintiffs and/or a reckless indifference to their statutorily protected rights and in conscious disregard of the rights, both statutory and common law guaranteed Plaintiff by the State of California. As such, Defendants are guilty of oppression and malice for which Plaintiffs are entitled to punitive damages, in an amount to be proven at trial.

22.     Code of Civil Procedure §1021 provides that attorney's fees are recoverable in an action for which they are specifically provided by statute. Government Code §12965 provides that reasonable attorney's fees and costs are recoverable herein by the prevailing party, within the discretion of the court. Plaintiffs retained attorneys for the prosecution of this action. As a result, Plaintiffs are entitled to reasonable attorney's fees and costs herein incurred.

**SECOND CAUSE OF ACTION**
**Wrongful Termination in Violation of Public Policy**

23.     The allegations of paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

24.     California law prohibits an employer from terminating an employee in violation of fundamental public policies. California maintains fundamental public policies prohibiting an employer from discriminating against, or terminating, an employee because of age. These fundamental public policies are codified under, *inter alia*, Government Code § 12940 et seq. Defendants violated these fundamental public policies.

25.     Plaintiffs were over the age of 40 at the time of termination. Their ages were a substantial motivating reason for the termination decision.

///

PLAINTIFFS' COMPLAINT                                                                 Page 5

26.     As a direct and proximate result of Defendants' wilful, knowing, and intentional harassment and discrimination, Plaintiffs suffered, and continue to suffer, humiliation, emotional distress, mental pain and anguish, and the manifestations thereof, all to their damage in an amount to be proven at trial.

27.     In doing the acts and/or failing to do the acts alleged herein above, the Defendants, and each of them, engaged in discriminatory acts and conduct with malice towards Plaintiffs and/or a reckless indifference to statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiffs by the State of California. As such, Defendants are guilty of oppression and malice for which Plaintiffs are entitled to punitive damages, in an amount to be proven at trial.

### REQUEST FOR JURY TRIAL

Plaintiffs, Sidlow and Nitido, hereby request a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1.     For general damages in excess of the jurisdictional minimum of this Court, according to proof;

2.     For special damages according to proof;

3.     For exemplary punitive damages, according to proof;

4.     For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing rate;

5.     For costs of suit, including reasonable attorney's fees; and

6.     For injunctive relief and other such further relief as the Court may deem just and proper.

Dated: March 31, 2014                    BRYANT WHITTEN, LLP

SHELLEY G. BRYANT, Attorneys for Plaintiffs
FAITH SIDLOW and RICHARD NITIDO

PLAINTIFFS' COMPLAINT                                    Page 6

EXHIBIT "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Oct 09, 2013

Faith Sidlow
243 West Hubert Court
Fresno, CA 93711

RE: **Notice of Case Closure and Right to Sue**
    DFEH Matter Number: 173815-73230-R
    Right to Sue: Sidlow / Nexstar Broadcasting, Inc., CEO Perry Sook

Dear Faith Sidlow:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Oct 09, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures
cc: Nexstar Broadcasting, Inc.

EXHIBIT "B"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**        DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | Videophone 916-226-5285 | TTY 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

Feb 07, 2014

Richard Nitido
2875 E. Christopher Drive
Fresno, CA 93720

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 208612-88154-R
Right to Sue: Nitido / Nexstar Broadcasting, Inc., CEO Perry Sook

Dear Richard Nitido:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Feb 07, 2014 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter Is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commision (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures
cc:  Nexstar Broadcasting, Inc.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Shelley G. Bryant - #222925<br>BRYANT WHITTEN, LLP<br>8050 North Palm Avenue, Suite 210<br>Fresno, California 93711<br>TELEPHONE NO.: (559) 494-4910    FAX NO.: (559) 421-0369<br>ATTORNEY FOR (Name): shelley@bwlaw.com | **F I L E D**<br>FRESNO SUPERIOR COURT<br><br>APR - 1 2014<br><br>BY _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno, California 93724
BRANCH NAME: B. F. Sisk Courthouse

CASE NAME:
Sidlow, et al. v. Nexstar Broadcasting, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 1 4 CE CG 00 907 |
|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☑ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case.

Date: March 31, 2014
SHELLEY G. BRYANT
(TYPE OR PRINT NAME)                              ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**CIVIL DEPARTMENT, CENTRAL DIVISION**<br>1130 "O" Street<br>Fresno, Califomia 93724<br>(559) 457-1900 | Filed<br>  Fresno County<br><br>APRIL   01, 2014<br><br>By System |
| TITLE OF CASE:<br><br>  **Faith Sidlow vs Nextar** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND<br>ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>  **14CECG00907 DSB** |

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **Donald Black** for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **AUGUST  04, 2014 at 09:00 AM** in **104** located at **1130 'O' Street, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rules Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time.  If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office *(listed in the phone book)*.

> IMPORTANT: This hearing is not a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

---

## DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date: **April 1, 2014**           Clerk, by _____ , Deputy
<br>                                                  S. Garcia

---

# Alternative Dispute Resolution
# Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court.  Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

*Additionally, in 2006 a Case Management Conference (CMC) order was implemented requiring parties in general civil cases to participation in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresnosuperiorcourt.org under the "forms," section.  Also, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes – divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often help parties resolve disputes without having to go to court or trial.  Below is a description of commonly used processes:

### Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator **does not** decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary, confidential process while working towards a resolution. **The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.**

### Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and **makes a decision (award) to resolve the dispute**. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to try. This is because the evidence can be submitted by documents rather than by testimony.

1. **Binding arbitration**: Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. **Non-binding arbitration**: May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

### Case Evaluation

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and have technical or scientific questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

### ADR Agreements:

Agreements reached through ADR normally are put into writing and can become binding contracts that can be enforced by the court if the parties. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

ADR Process Selection & Information:

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender conferencing, and summary jury trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute.  Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

Advantages & Disadvantages of ADR:

_Advantages_

- **Often quicker than going to trial**, a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive**, saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment**, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

_Disadvantages of ADR_

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
- Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

Neutral Selection:

The selection of a neutral is an important decision.  Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, many programs and the Court have established qualification requirements and standards of conduct for their neutral panels.

*A list of trained neutrals is available to assist parties on a fee-for-service basis. These individuals have met the requirements to participate on the Court's panel and provide private dispute resolution services. *Panelists are not Court employees; therefore service, style and expertise will vary by individual provider.*

Cases involving self-represented litigants or those unable to afford a private mediator, the court has three organizations that provide **free or low cost** mediation services through Dispute Resolution Program Act (DRPA) funding.  These organizations include:

- **Better Business Bureau Mediation Center**- This organization provides mediation for small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes. For more information about their services go to www.bbbmediationservices.org.

  4201 W. Shaw Ave., Ste. 107
  Fresno, CA 93722
  559.256.6300 (phone)
  800.675.8118, ext. 300 (toll free)

- **Fresno Pacific Mediation Services-** This organization is affiliated with Fresno Pacific University, Mediation Associates and Victim Offender Reconciliation Program (VORP).  They offer mediation for cases involving contract, property, corporate partnerships, family, employment, organization, and victim/offender disputes. For more information go to www.mediation-services.co

  1717 S. Chestnut Avenue
  Fresno, CA. 93702
  (559) 453-3423
  mediation.services@fresno.edu

- **San Joaquin College of Law Mediation Center**- This organization provides free mediation to self-represented parties regarding family law **property** disputes.  They also assist with the preparation of marital settlement agreements for divorcing parties.  For more information go to www.sjcl.edu and click on mediation.

  905 5th Street
  Clovis, CA. 93612
  (559) 323-2100

For more information, go to www.fresnosuperiorcourt.org/alternative_dispute_resolution or contact:

| Mari Henson, Administrator | John Montejano, Asst. Administrator |
|---|---|
| 1130 "O" Street, Fresno, CA. 93724 | 1130 "O" Street, Fresno, CA. 93724 |
| TEL (559) 457-1908, FAX (559) 457-1691 | TEL (559) 457-1909, FAX (559) 457-1691 |
| mhenson@fresno.courts.ca.gov | jmontejano@fresno.courts.ca.gov |

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                         FAX NO:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation     ☐ Arbitration     ☐ Neutral Case Evaluation     ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip   _____

Phone Number:   _(    )_____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR).  The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior to** the Mandatory Settlement Conference.  Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

_____          _____          _____
Date                                 Type or Print Name                       Signature of Party or Attorney for Party

_____          _____          _____
Date                                 Type or Print Name                       Signature of Party or Attorney for Party

_____          _____          _____
Date                                 Type or Print Name                       Signature of Party or Attorney for Party

_____          _____          _____
Date                                 Type or Print Name                       Signature of Party or Attorney for Party

☐  Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01  R11-11 mandatory          STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)

| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1909 | *FOR COURT USE ONLY* |
|---|---|
| CASE TITLE: | |
| **STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR) ATTACHMENT** | CASE NUMBER: |

_____   _____   _____
Date                                      Type or Print Name                      Signature of Party or Attorney for Party

_____   _____   _____
Date                                      Type or Print Name                      Signature of Party or Attorney for Party

_____   _____   _____
Date                                      Type or Print Name                      Signature of Party or Attorney for Party

_____   _____   _____
Date                                      Type or Print Name                      Signature of Party or Attorney for Party

_____   _____   _____
Date                                      Type or Print Name                      Signature of Party or Attorney for Party

_____   _____   _____
Date                                      Type or Print Name                      Signature of Party or Attorney for Party

_____   _____   _____
Date                                      Type or Print Name                      Signature of Party or Attorney for Party

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO:                              FAX NO: | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
1130 "O" Street
Fresno, California 93724-0002
(559) 457-1909

| PLAINTIFF/PETITIONER: | |
|---|---|
| DEFENDANT/RESPONDENT: | |

| **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other _____

Date Complaint Filed: _____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference: _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

Case resolved by Alternative Dispute Resolution:

☐ Yes    (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No    Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No    Reason for delay: _____
        Next scheduled hearing date: _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

TADR-03  R11-011 mandatory    **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)**                Page 1 of 2

**Case Number:**

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, October 1, 2013. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | NEXSTAR BROADCASTING, INC. |
| Entity Number: | C3523447 |
| Date Filed: | 12/11/2012 |
| Status: | ACTIVE |
| Jurisdiction: | DELAWARE |
| Entity Address: | 5215 N OCONNER BLVD STE 1400 |
| Entity City, State, Zip: | IRVING TX 75039 |
| Agent for Service of Process: | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC – LAWYERS INCORPORATING SERVICE |
| Agent Address: | 2710 GATEWAY OAKS DR STE 150N |
| Agent City, State, Zip: | SACRAMENTO CA 95833 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Privacy Statement | Free Document Readers

Copyright © 2013  California Secretary of State