UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH SIDLOW a.k.a. FAITH SOARES WILSON, and RICHARD NITIDO,<br><br>Plaintiffs,<br><br>v.<br><br>NEXSTAR BROADCASTING, INC., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Defendant. | No. 1:14-cv-00657-TLN-SAB<br><br>**ORDER** |

This matter is before the Court pursuant to Defendant Nexstar Broadcasting Inc.'s ("Defendant") Motion for Partial Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). (ECF No. 9.) Plaintiffs Richard Nitido and Faith Sidlow ("Plaintiffs") responded with an opposition to the Motion. (ECF No. 19.) On July 24, 2014, Defendant filed a reply. (ECF No. 20.) The Court hereby GRANTS Defendant's Motion for Partial Judgment on the Pleadings as to Plaintiffs' disparate treatment claims with leave to amend.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Faith Sidlow and Richard Nitido were both employees of Defendant. (ECF No. 9 at 1.) Plaintiff Sidlow started working for the predecessor of Nexstar Broadcasting Inc. in 1985 as a KSEE 24 news room assistant. (Complaint, ECF No. 1-1 at ¶ 10.) Plaintiff Sidlow was later promoted to reporter/producer and eventually a news anchor. In July 2013, Defendant

1

terminated Plaintiff Sidlow.  (ECF No. 1-1 at ¶ 11.)  Plaintiff Sidlow was not offered a severance package commensurate with the policy[1] and she was not laid off at the same time as others who were.  (ECF No. 1-1 at ¶ 11.)  In October 2012, Plaintiff Nitido started working for the predecessor of Nexstar Broadcasting, Inc.  (ECF No. 1-1 at ¶ 12.)  His most recent position with Defendant was as a Creative Services Director.  (ECF No. 1-1 at ¶ 12.)  In December 2013 Defendant terminated Plaintiff Nitido.  (ECF No. 1-1 at ¶ 13.)

Defendant claimed that Plaintiffs Sidlow and Nitido were laid off to reduce costs and increase profits.  (ECF No. 1-1 at ¶ 11–13.)  However, Plaintiffs allege that they were over the age of 40 at the time of their termination, and that their ages were a "substantial motivating reason" for the terminations.  (First Amended Complaint, ECF No. 1-2 at ¶ 18.)  Plaintiff Sidlow indicates in the Complaint that almost all of the employees selected for layoff were over the age of 40.  (ECF No. 1-1 at ¶ 11.)

On April 1, 2014, Plaintiffs filed this lawsuit in the Superior Court of California, County of Fresno, against Defendant, alleging retaliation in violation of California Government Code § 12940 and wrongful termination in violation of public policy.  (ECF No. 1-1.)  Plaintiffs Sidlow and Nitido both exhausted their administrative remedies prior to filing this civil action.  (ECF No. 1-1 at ¶ 14.)  On April 28, 2014, Plaintiffs filed a First Amended Complaint ("FAC") in California state court setting forth two causes of action: (1) <u>discrimination</u> in violation of Government Code § 12940[2] and (2) wrongful termination in violation of public policy.  (ECF No. 1-2.)

On June 10, 2014, Defendant filed a Motion for Partial Judgment on the Pleadings.  (ECF No. 9.)  Defendant explains in its Motion that within each of the Plaintiffs' two causes of action are actually two distinct claims: (1) disparate impact discrimination, and (2) disparate treatment discrimination.  (ECF No. 9 at 1.)  Therefore, Defendant suggests that Plaintiffs have essentially pled four claims: (1) disparate impact discrimination in violation of Cal. Govt. Code § 12940, (2) disparate treatment discrimination in violation of Cal. Govt. Code § 12940, (3) disparate impact

---

[1] It is not clear to the Court which policy the Plaintiffs are referring to.
[2] Fair Employment and Housing Act ("FEHA").

discrimination in violation of California public policy, and (4) disparate treatment discrimination in violation of California public policy.  (ECF No. 9 at 1–2.)

Defendant argues that since Plaintiffs fail to allege sufficient facts to state a claim for disparate treatment age discrimination, (ECF No. 9 at 1) the Court should grant partial judgment on the pleadings on Plaintiffs' claim for wrongful termination in violation of FEHA and public policy to the extent those claims rely on a disparate treatment theory.

II.    STANDARD OF LAW

Under Federal Rule of Civil Procedure 12(c) ("Rule 12(c)"), a party may move for judgment on the pleadings, after the pleadings are closed, but early enough not to delay trial.  Fed. Rule of Civ. Proc. 12(c).  A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings.  *Westlands Water Dist. v. Bureau of Reclamation,* 805 F.Supp. 1503, 1506 (E.D.Cal. 1992).  "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  *Ventress v. Japan Airlines,* 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).  "Because [Rule 12(b) and 12(c) motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."  *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  "For purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1989).

To survive a Rule 12(c) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  The moving party must "clearly establish [ ] on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Lorbeer v. Am. Tel. & Tel. Co.,* 958 F.2d 377 (9th Cir. 1992).  Therefore, "a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery."  *Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church,*

887 F.2d 228, 230 (9th Cir. 1989). A judgment on the pleadings also is not appropriate if the court "goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment" pursuant to Rule 12(d). *Hal Roach Studios,* 896 F.2d at 1550. A district court may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice— without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003); *see also Summit Media LLC v. City of Los Angeles,* 530 F.Supp.2d 1084, 1096 (C.D.Cal. 2008). Further, extrinsic evidence that is subject to judicial notice may be properly considered in a Rule 12(c) motion. *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 n. 18 (9th Cir. 1999).

"While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Community College Dist.,* 825 F. Supp. 891, 893 (N.D.Cal. 1993)).

III.   ANALYSIS

Defendant argues that Plaintiffs have pled insufficient facts to state a claim for disparate treatment age discrimination in violation of both FEHA and public policy. (ECF No. 9 at 4–5.)

*a.   Disparate Treatment Age Discrimination in Violation of the FEHA*

In general, to prove a prima facie case for intentional discrimination, a plaintiff "must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Guz v. Bechtel Nat. Inc*., 24 Cal. 4th 317, 355 (2000); *see e.g.*, *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996).

Defendant does not question the first three elements; Plaintiffs are over the age 40 (therefore a member of a protected class), were performing competently in the position, and were

4

terminated (therefore suffered an adverse employment action). Defendant focuses on the fourth element and argues that Plaintiffs have not alleged sufficient facts that, if true, could establish that Defendant terminated them because of a discriminatory motive. (ECF No. 9 at 4.)

In alleging disparate treatment, Plaintiff must demonstrate intentional discrimination. A plaintiff must show that the employer "treats some people less favorably than others because of their race, color, religion, sex, or national origin." *International Bhd. of Teamsters v. United States,* 431 U.S. 324, 335 n. 15 (1977).[3] "Disparate treatment is intentional discrimination against one or more persons on prohibited grounds." *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 354 n. 10 (2000). Plaintiff must show "actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a [prohibited] discriminatory criterion'...." *Ibarbia v. Regents of University of California,* 191 Cal.App.3d 1318, 1327 (1987), *quoting Furnco Construction Corp. v. Waters* 438 U.S. 567, 576 (1978). Furthermore, under a disparate treatment theory, "an employer's intent or motive in adopting a challenged policy is an essential element of liability." *AFSCME v. State of Washington*, 770 F.2d 1401, 1405 (9th Cir. 1985). "It is insufficient for a plaintiff alleging discrimination under the disparate treatment theory to show the employer was merely aware of the adverse consequences the policy would have on a protected group." *Id*; s*ee Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 279 (1979) (discriminatory purpose implies more than awareness of consequences). "The plaintiff must show the employer chose the particular policy because of its effect on members of a protected class." *AFSCME v. State of Washington*, 770 F.2d at 1405.

Plaintiffs allege that "almost all of the employees selected for layoff were over the age of 40." (ECF No. 1-2 at 2.) In addition, Plaintiffs claim that "Plaintiff Sidlow was not offered a severance commensurate with the policy and she was not laid off at the same time as others who were." (ECF No. 1-2 at 2.)

---

[3] FEHA claimants may rely on either the disparate treatment or disparate impact theories in proving age discrimination. *See Levy v. Regents of Univ. of Calif.,* 199 Cal.App.3d 1334 (1988).

The Court finds that Plaintiffs failed to make a prima facie case of disparate treatment based on age because they have failed to show that the persons who decided to terminate them had discriminatory motives for making this decision. Plaintiffs simply point to a policy that has an allegedly disparate impact on employees over the age of 40.[4] Plaintiffs do not provide sufficient facts to support their allegation that age was a substantial motivating reason for Defendant's conduct in terminating Plaintiffs or that Defendant intended to discriminate against this protected class. Therefore the Court finds that Plaintiffs' disparate treatment in violation of FEHA claim fails and GRANTS Defendant's motion for partial judgment on the pleading as to this claim.

  b. *Disparate Treatment Age Discrimination in Violation of Public Policy*

California law prohibits an employer from terminating an employee for a reason that contravenes public policy. *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 178 (1980). In the First Amended Complaint, Plaintiffs claim that "California maintains fundamental public policies prohibiting an employer from discriminating against, or terminating, an employee because of age. These fundamental public policies are codified under, *inter alia*, Government code §12940 et seq." (ECF No. 1-2 at 6.)

Plaintiffs do not allege any other violations of public policy other than Government code §12940 as discussed in the preceding section. However, this Court has already determined that Plaintiffs failed to plead the disparate treatment in violation of FEHA claim (Government code §12940). As Plaintiff has failed to allege any additional violation of public policy, this claim also must fail.

IV. CONCLUSION

For the reasons stated above, Plaintiffs' two claims (Disparate Treatment Age Discrimination in Violation of FEHA and Public Policy) fail. Courts have the discretion to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *Kennedy v. Kings Mosquito Abatement Dist.*, 2013 U.S. Dist. LEXIS 37261,

---

[4] Plaintiffs failed to provide the details of what the policy says.

*28-*29 (E.D. Cal. 2013).  It appears that Plaintiffs may be able to cure the defects in the complaint by amendment.  *See Intri—Plex Techs., Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1056 (9th Cir. 2007) (dismissal without leave to amend is only proper if it is clear that "the complaint could not be saved by any amendment").  Therefore, the Court GRANTS Defendant's Motion for Partial Judgment on the Pleadings as to Plaintiffs' disparate treatment claims with leave to amend.  Plaintiffs have 30 days from the date on which this Order is filed to file an amended complaint.

   IT IS SO ORDERED.

Dated:  March 6, 2015

Troy L. Nunley
United States District Judge