# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH SIDLOW, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NEXSTAR BROADCASTING, INC.,<br><br>    Defendant. | Case No. 1:14-cv-0657-TLN-SAB<br><br>ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL<br><br>(ECF Nos. 40, 42, 43, 44)<br><br>THIRTY-DAY DEADLINE |

Plaintiffs Faith Sidlow and Richard Nitido ("Plaintiffs") filed a motion to compel further responses to discovery requests. Oral argument was held on Plaintiffs' motion to compel on June 10, 2015. (ECF No. 46.) Counsel Shelley Bryant appeared for Plaintiffs, and counsel Angelito Sevilla appeared for Defendant Nexstar Broadcasting, Inc. ("Defendant"). Id. Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, arguments presented at the June 10, 2015 hearing, as well as the Court's file, the Court issues the following order.

## I.

## PROCEDURAL HISTORY

Plaintiffs filed this action against Defendant alleging state law claims of retaliation and wrongful termination in violation of public policy in Fresno County Superior Court on April 1, 2014. (ECF No. 1-1.) On April 28, 2014, Plaintiffs filed a first amended complaint. (ECF No.

1

1-2.) On May 2, 2014, Defendant removed the action to the Eastern District of California pursuant to 29 U.S.C. § 1332. (ECF No. 1.) The District Judge granted Defendant's motion for judgment on the pleadings, and Plaintiffs filed a second amended complaint on April 6, 2015 alleging two causes of action based on age discrimination: 1) disparate treatment and 2) disparate impact in violation of the California Fair Employment and Housing Act.

On May 6, 2015, Plaintiffs filed a motion to compel further discovery responses. (ECF No. 40.) Defendant filed an opposition to the motion to compel on May 27, 2015. (ECF No. 42.) On June 3, 2015, the parties filed a joint statement of discovery disagreement and Plaintiffs filed a reply. (ECF No. 44.)

## II.

## LEGAL STANDARD

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) *In General*.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Rule 37 states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is broadly defined for the purposes of discovery, but it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted). "[I]n Title VII cases, courts should avoid placing unnecessary limitations on discovery." Jackson v. Montgomery Ward & Co., 173 F.R.D. 524, 526 (D.Nev.1997). "[L]iberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims. Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 657

(1989) (superseded on other grounds by statute).

## III.

## DISCUSSION

In this action, Plaintiffs are seeking discovery on all reductions in workforce for twenty seven of Defendant's nationwide business locations for the past five years. "To establish a direct prima facie case of age and gender discrimination, the plaintiff must 'submit specific facts demonstrating that discriminatory animus in part motivated or was a substantial factor in the contested employment action.' " Beale v. GTE California, 999 F. Supp. 1312, 1320 (C.D. Cal. 1996) aff'd sub nom. Beale v. GTE-California, 141 F.3d 1173 (9th Cir. 1998). To establish a circumstantial prima facie case of age discrimination, the plaintiff must show: (1) she was a member of the protected class; (2) she was performing her job satisfactorily; (3) she was discharged or suffered an adverse employment action; and (4) the employer replaced her with someone who has equal or inferior qualifications and who is not a member of a protected class. Beale, 999 F. Supp. at 1321.

To prove a prima facie case of disparate impact, the plaintiff must "(1) identify the specific employment practices or selection criteria being challenged; (2) show disparate impact; and (3) prove causation." Beale, 999 F.Supp. at 1323 (quoting Rose v. Wells Fargo & Co., 902 F.2d 1417, 1424 (9th Cir.1990)). "To prove causation, the plaintiff must 'offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the [plaintiffs' terminations] because of their membership in a protected group.' " Beale, 999 F. Supp. at 1323 (quoting Rose, 902 F.2d at 1424).

Plaintiffs contend that they have hired an expert who needs information on any Reductions in Force ("RIF") from 2011 to the present to provide an opinion regarding whether Defendant's hiring and firing practices had an adverse impact on older workers. Defendant counters that Plaintiffs' discovery requests are overbroad, irrelevant, and unduly burdensome as the RIF decisions in other markets have no relation to Plaintiffs' employment in Fresno as hiring and firing decisions are made by the local management team. Plaintiffs reply that the cases cited by Defendant support their request for incremental discovery.

1    Defendant relies on U.S. E.E.O.C. v. ABM Industries Inc. (ABM Industries Inc.), No.
2 1:07-cv-01428-LJO-JLT, 2010 WL 785819 (E.D. Cal. March 4, 2010), and Ioane v. Spjute, No.
3 1:07-CV-00620-AWI, 2015 WL 1874789 (E.D. Cal. April 23, 2015), to argue that Plaintiffs
4 cannot rely on mere speculation to justify the overbroad discovery that they are seeking.  While
5 the court in Ioane included the statement that "[t]he fact that a party may disbelieve or disagree
6 with a response to a discovery request ... is not a recognized ground for compelling discovery,
7 absent some indication beyond mere suspicion that the response is incomplete or incorrect[,]" the
8 issue in Ioane was that the plaintiff had not provided any facts or evidence to support his request
9 to extend the discovery deadline.  Ioane v. Spjute, No. 1:07-CV-00620-AWI, 2015 WL 1874789,
10 at *2 (E.D. Cal. Apr. 23, 2015).  Here, Plaintiffs have shown that Defendant conducted a RIF in
11 twenty-seven other markets in temporal proximity to the RIF which was conducted in this action.

12   In ABM Industries Inc., the plaintiffs were seeking the names of all officers and
13 managers within the three corporations that plaintiff claimed were joint employers of the
14 employees involved in the litigation.  2010 WL 785819, at *4.  The court considered in
15 investigating the individual complaint, the natural focus is on the source of the complained of
16 discrimination, the employing unit or work unit.  Id. (citing Marshall v. Westinghouse Elec.
17 Corp., 576 F.2d 588, 592 (5th Cir. 1978)).  The decision to terminate the plaintiffs was made at
18 the local level, so discovery on intent may be limited to the employing unit.  ABM Industries
19 Inc., 2010 WL 785819, at *4.  "A vague possibility that loose and sweeping discovery might turn
20 up something suggesting that the structuring of the RIF was discriminatorily motivated does not
21 show particularized need and likely relevance that would require moving discovery beyond the
22 natural focus of the inquiry."  Id. at *5.  The court found that the plaintiffs were entitled to
23 discovery on the claims raised in the complaint, and ordered defendants to produce information
24 about the managers or officers who acted for one or more of the defendants at a given time.  Id.

25   Both parties rely on Williams v. Superior Court, __ Cal.Rpt.3d ___, 2015 WL 2345601
26 (May 15, 2015), a recent decision from the California Court of Appeal.  Defendants cite
27 Williams for the proposition that a plaintiff cannot receive broad statewide discovery based on
28 claims over which he had no knowledge of statewide practices.  Id. at *6.  Plaintiff's cite

1   Williams for the proposition that incremental discovery is appropriate to determine if
2   Defendants' RIF practices have had a disparate impact on workers.

3   In Williams, the plaintiff brought a representative action against the defendant for failure to provide employees with rest and meal breaks and failure to reimburse employees for necessary business expenses and to pay all wages. Id. at *1.  At the start of discovery, the plaintiff sought the names and contact information on all defendant's employees in California who worked during a specific time period.  Id.  The Court found that the plaintiff was not entitled to the discovery sought at the early stage of the litigation.  In Williams, the litigation consisted only of the allegations in the complaint, and the request for employee contact information was premature. Id. at 2. Because of this, the Court finds that Williams is not instructive in the issue to be resolved in this action.

12   In their motion, Plaintiffs have limited their request to the RIF plans for the twenty-seven other stations in which Defendant conducted a RIF since 2011.  Plaintiffs seek the discovery to determine if the RIF plans demonstrate a disparate impact on the protected group to which they belong.  The liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims, Wards Cove Packing Co., 490 U.S. at 657 and information is relevant if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  During the June 10, 2015 hearing, Defendant argued that since the intent of the decisionmaker who in this case is the local market station manager is at issue, the RIFs in other areas are not relevant.  However, this action also involves a claim of discriminatory impact.  While Defendant argues that Plaintiffs clearly argued intent in the motion to compel, Plaintiffs also bring a disparate impact claim.  "By enacting § 2000e–2(k)(1)(A)(i), Congress allowed claims to be brought against an employer who uses a practice that causes disparate impact, whatever the employer's motives and whether or not he has employed the same practice in the past."  Lewis v. City of Chicago, Ill., 560 U.S. 205, 217 (2010).

26   The Court finds that Plaintiffs' request for the RIF plans could potentially lead to the discovery of admissible evidence and is sufficiently narrow to address Defendant's contention that broad discovery of the RIF plans is unduly burdensome.  Therefore, Plaintiff's motion is

granted in part and Defendant is ordered to provide the RIF plans for the other stations at which a RIF was conducted from 2011 to the present.

Finally, the parties are advised that the issue addressed in this action appears to have been appropriate for the Court's informal discovery dispute process which is provided to avoid the expense and expenditure of time in litigating discovery disputes. The parties are referred to the Court's standard procedures located on the Court's website at www.caed.uscourts.gov under Judges; Boone (SAB); Standard Information (in the area entitled "Case Management Procedures").

## IV.
## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel is GRANTED IN PART and Defendant shall provide the RIF plans for the other stations at which a RIF was conducted from 2011 to the present. Plaintiff's motion is DENIED in all other aspects.

IT IS SO ORDERED.

Dated:   **June 11, 2015**

_____
UNITED STATES MAGISTRATE JUDGE