# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH SIDLOW, et al., | Case No. 1:14-cv-0657-TLN-SAB |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL; DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES AND A PROTECTIVE ORDER; AND VACATING THE AUGUST 5, 2015 HEARING |
| v. | |
| NEXSTAR BROADCASTING, INC., | |
| Defendant. | |
| | (ECF Nos. 52, 53) |
| | FOURTEEN-DAY DEADLINE |

Currently before the Court is Plaintiffs' second motion to compel additional discovery responses. Having reviewed the moving papers, the Court finds that the motion is suitable for decision on the pleadings. Accordingly, the hearing set for August 5, 2015 at 10:00 a.m. is vacated and the parties shall not be required to appear at that time.

## I.

## BACKGROUND

Plaintiffs Faith Sidlow and Richard Nitido ("Plaintiffs") filed this action against Defendant Nexstar Broadcasting, Inc. ("Defendant") alleging state law claims of retaliation and wrongful termination in violation of public policy in Fresno County Superior Court on April 1, 2014. (ECF No. 1-1.) On May 2, 2014, Defendant removed the action to the Eastern District of

California pursuant to 29 U.S.C. § 1332. After the district judge granted Defendant's motion for partial judgment on the pleadings, Plaintiffs filed a second amended complaint on April 6, 2015. (ECF Nos. 32, 33.) Plaintiffs generally allege that after Defendant purchased the television station at which they were employed, they were laid off as part of a reduction in workforce (RIF) due to their age in violation of California state law. (ECF No. 33.)

A pretrial scheduling order was issued on April 9, 2015, and non-expert discovery in this action is to be completed by August 17, 2015. (ECF No. 35.) On May 6, 2015, Plaintiffs brought a motion to compel further discovery responses. (ECF No. 40.) At issue in that motion were Plaintiffs' requests for extensive discovery on twenty-seven reductions in workforce that had been conducted at stations owned by Defendant from 2011 to the present. On June 11, 2015, an order issued granting in part Plaintiffs' motion for additional discovery. (ECF No. 47.) Defendant was ordered to provide the RIF plans for the other stations at which at RIF was conducted from 2011 to the present, and the motion was denied in all other aspects. (Id. at 6.)

On June 19, 2015, Defendant produced the RIF plans for eighteen regions and stated there are no other RIF plans for the other regions. (ECF No. 53-2.)

## II.

## LEGAL STANDARD

Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) *In General*.** On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Rule 37 states that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.

R. Civ. P. 26(b)(1). Relevancy is broadly defined for the purposes of discovery, but it does have "ultimate and necessary boundaries." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citations omitted). "[I]n Title VII cases, courts should avoid placing unnecessary limitations on discovery." Jackson v. Montgomery Ward & Co., 173 F.R.D. 524, 526 (D.Nev.1997). "[L]iberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims. Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 657 (1989) (superseded on other grounds by statute).

## III.

## DISCUSSION

### A. Defendant's Production of the RIF Plans Complies with the Court's June 11, 2015 Order

Plaintiff contends that Defendant did not comply with the Court's June 11, 2015 order to produce additional discovery because the documents did not include the names and ages of the employees that were considered or selected for the RIF. Plaintiff takes the position that the documents produced were an evasive response to the Court's June 11, 2015 order. However, the order issued on June 11, 2015 ordered Defendant to produce the RIF plans and Defendant has produced responsive documents.

The order did not require Defendant to identify those workers who were considered or selected for the RIF. Plaintiffs do not contend that other RIF plans exist but essentially argue that the data which they sought is not included in the RIF plans and can be easily obtained by Human Resources so Defendant should be required to produce additional discovery responses. Defendant has complied with the June 11, 2015 order and no further production is required pursuant to that order.

### B. Defendants Shall be Required to Provide Additional Responses

Plaintiff is seeking the names, job title and date of birth of terminated employees and employees hired after the RIF occurred in each market. Plaintiff argues that the additional information sought is necessary because it will show that a facially neutral policy had a disproportionate impact on older workers. Defendant replies that information on the other RIFs

is not relevant in this action because there is no nationwide RIF policy. Defendant contends that the decisions on who to terminate are made by the individual station managers. In the RIF process, Defendant presents evidence to show that it merely provides the individual stations with the financial goals that are to be met, decisions regarding the employees to be terminated are made by the individual station managers, and Plaintiffs provide no evidence to the contrary. Defendant argues that Plaintiffs are relying on speculation to seek discovery that is irrelevant in this action.

In determining whether additional production is required, the issue is whether the information sought is discoverable in respect to Plaintiffs disparate impact claim. To prove a prima facie case of disparate impact, the plaintiff must "(1) identify the specific employment practices or selection criteria being challenged; (2) show disparate impact; and (3) prove causation." Beale v. GTE California, 999 F. Supp. 1312, 1323 (C.D. Cal. 1996) aff'd sub nom. Beale v. GTE-California, 141 F.3d 1173 (9th Cir. 1998) (quoting Rose v. Wells Fargo & Co., 902 F.2d 1417, 1424 (9th Cir.1990)). To prevail on the disparate impact theory, a plaintiff must prove "that a facially neutral employment practice had a discriminatory impact on older workers." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1291 (9th Cir. 2000). "To prove causation, the plaintiff must 'offer statistical evidence of a kind and degree sufficient to show that the practice in question has caused the [plaintiffs' terminations] because of their membership in a protected group.' " Beale, 999 F. Supp. at 1323 (quoting Rose, 902 F.2d at 1424).

Initially, the Court notes that Plaintiffs are incorrect in arguing that the Court required Defendant to provide the name and ages of the employees affected by the RIFs in the twenty-eight regions to show that there was disparate impact. In the prior order, the Court found that Plaintiffs had not shown that there was a nationwide policy that would provide for the expansive discovery that was requested. Accordingly, the Court required Defendant to produce the RIF documents to enable Plaintiffs to determine if such a policy existed. The Court ordered the discovery to allow Plaintiffs to show that there was a nationwide policy in implementing the RIFs. If Plaintiffs obtained such information, the Court would consider requiring the production of additional discovery for each of the areas. However, in making its order the Court did expect

that the RIF policies produced would provide similar information to what was included in the RIF policy here, information regarding the age of the employees involved in the RIF.

Although Plaintiffs argue that the information can be easily retrieved, the issue for the Court to decide here is whether the information is relevant in this action and therefore discoverable. In other words, does the information sought appear "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff contends that the names and ages of the employees terminated in the RIFs in the twenty-eight regions and the names and ages of the employees hired after the RIFs are relevant to show that there was a disparate impact based on the RIFs. However, Plaintiffs cannot impose liability for a disparate impact claim solely because there is a showing of statistically disparity. Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc., 135 S. Ct. 2507, 2512 (2015). Such a claim fails unless the plaintiff can point to a policy of the defendant that is causing the disparity. Inclusive Communities Project, Inc., 135 S.Ct. at 2512. A plaintiff must identify the specific employment practice that is being challenged. Nanayakkara v. California State Univ., Fullerton By & Through Bd. of Trustees of California State Univ., 60 F.3d 834 (9th Cir. 1995).

Plaintiff has now received the RIF plans from eighteen other regions. During depositions with corporate executives, Plaintiff inquired into these RIF plans and the corporate executives were unable to provide any information regarding the employees that were considered and selected and their ages. Nationwide discovery would be relevant where an employment policy applies commonly to all the employing units. Thornton v. Mercantile Stores Co., Inc., 180 F.R.D. 437, 443 (M.D. Al. 1998). While Defendant has presented evidence that the corporate executives do not have any involvement in determining which employees are selected for termination during the RIF process and there is no company RIF policy directing such decisions, the purpose of discovery is to allow Plaintiffs to seek discovery that could be admissible at trial. Plaintiffs request for discovery on the age of the employees that were terminated in other RIFs could lead to the admission of admissible evidence at trial. Further, contrary to Defendant's argument that production of such evidence would be unduly burdensome, it appears that this information is readily available through the Human Resources Department. However, Plaintiffs

have not shown that information on the employees hired in each of the areas following the RIF is relevant to the claims here.

Accordingly, Defendants shall be ordered to produce in electronic format, for each RIF conducted between 2011 and the present, the name, job title, and date of birth of employees that were laid off.

### C.     Neither Party is Entitled to Sanctions in this Action

Plaintiffs seek sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure for Defendant's failure to conduct a search for ESI, refusal to appear at a deposition, refusal to produce information contained on its server, and misleading the Court about these matters in opposing the first motion to compel.  Rule 37 gives the district court discretion to impose a wide range of sanctions when a party refuses to comply with the rules of discovery or court orders enforcing the rules.  Raygoza v. City of Fresno, 297 F.R.D. 603, 606 (E.D. Cal. 2014).

#### 1.     Sanctions Under Rule 37(a)

Rule 37(a) provides that if the motion to compel discovery is granted: "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion. . .to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust."  Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 277 (C.D. Cal. 2008) (quoting Fed.R.Civ.P. 37(a)(5)(A)).

As discussed above, the Court finds that Defendant's response was compliant with the June 11, 2015 order of the Court.  Further, contrary to Plaintiffs' position, the Court did not order Defendant to produce the information sought in this motion.  Accordingly, the Court denies Plaintiffs' request for the imposition of sanctions based upon Defendant's discovery responses and opposition to the first motion to dismiss.

#### 2.     Sanctions Under FRCP Rule 37(d)

Plaintiff contends that Defendant refused to designate and produce a representative for deposition regarding the search for ESI and cancelled the deposition.  As a sanction, Plaintiff

requests that the Court find that "the RIFs had a substantially disproportionate impact on older workers." (ECF No. 53 at 19.)  Defendant contends that after receiving the deposition notice, a letter was sent to Plaintiffs requesting a meet and confer and informing them that the topics of the person most knowledgeable deposition notice did not meet the relevance standard under the federal rules.  Defendant states that Plaintiff did not respond to the request and therefore Defendant assumed the issue had been resolved.

Rule 37(d) provides for sanctions for a party refusing to attend a deposition after receiving proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i).  Sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A), (d)(3).  Further, Rule 37(d) also states that the Court may require the party failing to appear to pay reasonable expenses, including attorney fees, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

The person most knowledgeable about the ESI system is unlikely to have knowledge regarding the claims or defenses in this action.  Therefore, Plaintiff's deposition of the person most knowledgeable about the ESI system is not likely to lead to admissible evidence here, and Defendant's objection was therefore proper.  Plaintiff did not bring a motion to compel the attendance at the deposition; and the Court denies the request for sanctions.

3.   <u>Defendant's Request for Attorney Fees</u>

Defendant seeks attorney fees for opposing this motion.  Since the Court is granting the motion in part, Defendant's request for attorney fees shall be denied.

**D.   Plaintiff's Request for an Extension of the Discovery Deadline**

Plaintiff seeks an extension of the discovery deadline to allow completion of the

7

discovery at issue in this motion. Defendant argues that the request is procedurally improper and not supported by good cause.

In this action, the discovery and scheduling order was issued by the district judge. In this case, Plaintiff's request to amend the scheduling order will need to be raised on a noticed motion before the district judge. Therefore, this request shall be denied without prejudice to be heard by Judge Nunley on a noticed motion.

### E. Defendant's Request for a Protective Order

Defendant moves for a protective order pursuant to Rule 37(a)(5)(B) limiting the scope of discovery in this action to the Fresno region. As the Court is granting in part Plaintiffs' motion to compel discovery, the request for a protective order is denied.

### F. Admonishment to Counsel

Counsel are admonished that they must work together on this case. Cooperation is clearly not occurring as evidenced by the communication between counsel as set forth in the instant motion. This Court is one of the busiest courts in the nation. It expects that counsel will be familiar with the Federal Rules of Civil Procedure, this Court's Local Rules, and other applicable laws. Counsel are strongly encouraged to resolve their disputes independently. Future efforts at gamesmanship and unprofessional conduct already exhibited in this case will not be tolerated.

## VI.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on Plaintiffs' motion to compel, set for August 5, 2015 at 10:00 a.m. in Courtroom 9, is VACATED;

2. Plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART as follows:

   a. Within fourteen (14) days from the date of service of this order, Defendant shall produce in electronic format, for each RIF conducted between 2011 and the present, the name, job title, and date of birth of employees that were laid off;

      b.      Plaintiffs' motion for sanctions pursuant to Rule 37 is DENIED;

      c.      Plaintiffs' motion to amend the scheduling order is DENIED without prejudice;

3.      Defendant's motions for attorney fees and a protective order are DENIED; and

4.      Failure to comply with this order may result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **July 30, 2015**

UNITED STATES MAGISTRATE JUDGE