# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH SIDLOW, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>NEXSTAR BROADCASTING, INC.,<br><br>  Defendant. | Case No. 1:14-cv-0657-TLN-SAB<br><br>ORDER DENYING PLANTIFFS' MOTION TO COMPEL ADDITIONAL DISCOVERY AND VACATING OCTOBER 28, 2015 HEARING<br><br>(ECF Nos. 55, 59, 60, 61) |

**I.**

**RELEVANT BACKGROUND**

Plaintiffs Faith Sidlow and Richard Nitido ("Plaintiffs") filed this action against Defendant Nexstar Broadcasting, Inc. ("Defendant") alleging state law claims of retaliation and wrongful termination in violation of public policy in Fresno County Superior Court on April 1, 2014. (ECF No. 1-1.) On May 2, 2014, Defendant removed the action to the Eastern District of California pursuant to 29 U.S.C. § 1332.

Currently before the Court is Plaintiffs' third motion to compel additional discovery. Plaintiffs allege that Defendant laid them off as part of a reduction in force ("RIF") under the guise of reducing costs and increasing profits. (Sec. Am. Complaint ¶¶ 11, 13, ECF No. 33.) Plaintiffs contend that the procedure used to select them for lay off as part of the RIF had an adverse impact on older workers. (Id.)

1    In their first motion to compel, Plaintiffs asserted that Defendant conducted RIFs at
2 twenty-eight locations across the country and sought discovery to show that that Defendant had a
3 facially neutral reduction in force policy that had an adverse impact on older workers. (ECF No.
4 43.) Defendant objected to the requested discovery arguing that there is no nationwide RIF
5 policy. Defendant presented declarations that they only provided each station with the financial
6 goals that the individual station needed to meet. Defendant contends that all decisions on which
7 employees will be affected by the RIF are made at the local level based on the individual station
8 needs with no input from Defendant.

9    In the first motion to compel, Plaintiffs' sought a copy of the RIF plans for the twenty-
10 seven other stations in which Defendant had conducted a RIF since 2011. (ECF No. 47 at 5.)
11 The Court found that "Plaintiffs' request for the RIF plans could potentially lead to the discovery of
12 admissible evidence and is sufficiently narrow to address Defendant's contention that broad
13 discovery of the RIF plans is unduly burdensome." (Id.) Defendant was order to produce the RIF
14 plans for the other stations at which a RIF was conducted from 2011 to the present. (Id. at 6.)

15    Defendant produced the RIF plans for seventeen stations outside of the Fresno market,
16 but no RIF plans existed for eleven of the regions. (ECF No. 53 at 6.) The RIF plans that were
17 produced did not include the information that Plaintiffs sought, so Plaintiffs filed a second
18 motion to compel. In addressing the second motion to compel, the Court stated:

> In the prior order, the Court found that Plaintiffs had not shown that there was a nationwide policy that would provide for the expansive discovery that was requested. Accordingly, the Court required Defendant to produce the RIF documents to enable Plaintiffs to determine if such a policy existed. The Court ordered the discovery to allow Plaintiffs to show that there was a nationwide policy in implementing the RIFs. If Plaintiffs obtained such information, the Court would consider requiring the production of additional discovery for each of the areas. However, in making its order the Court did expect that the RIF policies produced would provide similar information to what was included in the RIF policy here, information regarding the age of the employees involved in the RIF.
>
> Although Plaintiffs argue that the information can be easily retrieved, the issue for the Court to decide here is whether the information is relevant in this action and therefore discoverable. In other words, does the information sought appear "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff contends that the names and ages of the employees terminated in the RIFs in the twenty-eight regions and the names and ages of the employees hired after the RIFs are relevant to show that there was a disparate impact based on the RIFs. However, Plaintiffs cannot impose liability for a disparate impact claim solely

2

because there is a showing of statistically disparity. <u>Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.</u>, 135 S. Ct. 2507, 2512 (2015). Such a claim fails unless the plaintiff can point to a policy of the defendant that is causing the disparity. <u>Inclusive Communities Project, Inc.</u>, 135 S.Ct. at 2512. A plaintiff must identify the specific employment practice that is being challenged. <u>Nanayakkara v. California State Univ., Fullerton By & Through Bd. of Trustees of California State Univ.</u>, 60 F.3d 834 (9th Cir. 1995).

(ECF No. 54 at 5.)

The Court found that Plaintiffs had not shown that there was a companywide RIF policy that would entitle them to the additional information that was sought. However the Court ordered Defendant to provide the name, job title, and date of birth of the employees that were laid off for all RIFs conducted between 2011 and the present so Plaintiffs could determine if there was evidence by which Plaintiffs could allege a companywide policy that adversely affected older employees. (<u>Id.</u>) The Court denied Plaintiffs' request to extend the discovery deadline without prejudice to be raised before Judge Nunley. (<u>Id.</u> at 8.)

Plaintiffs have now brought a third motion to compel production of the additional discovery regarding the RIFs that were conducted by Defendant. Having reviewed the moving papers, the Court finds that this matter is suitable for decision without oral argument. <u>See</u> Local Rule 230(g). Accordingly, the previously scheduled hearing set on October 28, 2015, will be vacated and the parties will not be required to appear at that time.

## II.

## DISCUSSION

Defendant contends that Plaintiffs' motion to be compelled should be denied as discovery in this action has closed and Plaintiffs did not seek to extend the discovery deadline as directed by this Court in the prior order. (ECF No. 59 at 13.)

On July 14, 2015, Plaintiffs served a second set of discovery requests on Defendant seeking the information on which this dispute is based. (Joint Statement re Discovery Disagreements 2, ECF No. 59.) Defendant's response was served on the date that discovery closed in this action pursuant to the April 9, 2015 scheduling order. <u>See</u> Pretrial Scheduling Order 2, ECF No. 35 ("All discovery, with the exception of expert discovery, shall be completed by **August 17, 2015**. In this context, 'completed' means that all discovery shall have been conducted so

that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.") (emphasis in original).

In the July 31, 2015 order partially granting Plaintiffs' motion to compel, Plaintiffs were advised that any request to extend discovery in this action must be raised before Judge Nunley. Plaintiff did not bring a motion to extend the discovery deadline before Judge Nunley or seek reconsideration of this Court's order denying the request for the same discovery that is at issue here. See Local Rule 303(c).

Plaintiffs bring an untimely request to compel additional responses to discovery requests. Plaintiffs did not serve the requests for discovery with sufficient time for the Court to address any motion to compel which was specifically required by Judge Nunley's scheduling order. (ECF No. 35 at 2.)

Discovery in this action has been closed since August 17, 2015. Plaintiffs were informed by this Court in the July 31, 2015 order that any motion to extend the discovery deadline must be raised before Judge Nunley. Plaintiffs had more than two weeks from the issuance of the July 31, 2015 order to bring a motion to extend discovery in this action. Further, Plaintiffs were well aware that this discovery dispute existed when they received Defendant's responses to the request for production on August 17, 2015 and have never addressed the discovery deadline with the district judge. Plaintiffs did not file the instant motion until September 21, 2015, more than one month after discovery in this action closed.

The parties in this action are represented by experienced counsel who should be well aware of the federal rules and the requirements set forth in the scheduling orders issued in this action. The Court finds that Plaintiffs' motion to compel is untimely and it shall be denied on that ground.[1]

///

///

---

[1] Since the Court finds that Plaintiffs' motion to compel is untimely it declines to address the additional arguments raised in the joint statement.

that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.") (emphasis in original).

In the July 31, 2015 order partially granting Plaintiffs' motion to compel, Plaintiffs were advised that any request to extend discovery in this action must be raised before Judge Nunley. Plaintiff did not bring a motion to extend the discovery deadline before Judge Nunley or seek reconsideration of this Court's order denying the request for the same discovery that is at issue here. See Local Rule 303(c).

Plaintiffs bring an untimely request to compel additional responses to discovery requests. Plaintiffs did not serve the requests for discovery with sufficient time for the Court to address any motion to compel which was specifically required by Judge Nunley's scheduling order. (ECF No. 35 at 2.)

Discovery in this action has been closed since August 17, 2015. Plaintiffs were informed by this Court in the July 31, 2015 order that any motion to extend the discovery deadline must be raised before Judge Nunley. Plaintiffs had more than two weeks from the issuance of the July 31, 2015 order to bring a motion to extend discovery in this action. Further, Plaintiffs were well aware that this discovery dispute existed when they received Defendant's responses to the request for production on August 17, 2015 and have never addressed the discovery deadline with the district judge. Plaintiffs did not file the instant motion until September 21, 2015, more than one month after discovery in this action closed.

The parties in this action are represented by experienced counsel who should be well aware of the federal rules and the requirements set forth in the scheduling orders issued in this action. The Court finds that Plaintiffs' motion to compel is untimely and it shall be denied on that ground.[1]

///

///

---

[1] Since the Court finds that Plaintiffs' motion to compel is untimely it declines to address the additional arguments raised in the joint statement.

## III.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The hearing set for October 28, 2015 is VACATED and the parties are not required to appear on that date;
2. Plaintiffs' motion for discovery filed September 21, 2015 is DENIED as untimely; and
3. The Court will not consider any further motions to compel in this action absent an order by the District Judge reopening discovery in this action.

IT IS SO ORDERED.

Dated:   **October 26, 2015**

UNITED STATES MAGISTRATE JUDGE