UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH SIDLOW a.k.a. FAITH SOARES-WILSON, and RICHARD NITIDO,<br><br>Plaintiffs,<br><br>v.<br><br>NEXSTAR BROADCASTING, INC., a Delaware corporation, and Does 1 through 20, inclusive,<br><br>Defendants. | No. 1:14-CV-00657-TLN-SAB<br><br>**ORDER** |

On December 18, 2015, Defendant Nexstar Broadcasting, Inc. ("Defendant Nextstar") filed a motion for summary judgment. (ECF No. 64.) Plaintiffs Faith Sidlow and Richard Nitido ("Plaintiffs") filed a motion to continue pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)") (ECF No. 66), as well as an opposition to Defendant's motion for summary judgment (ECF No. 68). As Exhibit P to Plaintiffs' opposition, Plaintiffs included a document that they believe is confidential pursuant to the parties' stipulated protective order (ECF No. 51). (ECF No. 68.) Plaintiffs then filed a notice of request to seal Exhibit P. (ECF No. 69.) Because these various filings cause confusion on the docket, the Court will address all issues within this single Order.

Having performed a cursory review of Plaintiffs' motion to continue, the Court finds that

1

1 the motion has sufficient merit to delay consideration of Defendants' summary judgment motion
2 until the motion to continue can be fully briefed by the parties and decided by the Court.
3 Therefore, at this time, the Court finds it in the interest of judicial efficiency to make a
4 determination on Plaintiffs' motion to continue prior to addressing Defendants' motion for
5 summary judgment.  The parties should continue to brief both motions by the timeline required
6 under the Local Rules of the Eastern District of California ("Local Rules"), but should be aware
7 that the Court will resolve the motion to continue first.

8     Further, Plaintiffs' request to seal Exhibit P to its opposition (ECF No. 69) is hereby
9 denied, and Plaintiffs are instructed to refile their request to seal pursuant to the requirements of
10 Local Rule 141(b) within 14 days of the entry of this Order.  Local Rule 141(b) requires the
11 moving party to provide the statutory or other authority for sealing; the requested duration; the
12 identity, by name or category, of persons to be permitted access to the documents; and if
13 applicable, the basis for excluding any party from service.  Plaintiffs, as the party seeking to file a
14 document with this Court, must request that the document be sealed.  If the parties disagree about
15 the application of their protective order, they are directed to either resolve the issue between
16 themselves or, if they must, to file separately for clarification with the Court.  Under no
17 circumstances are the parties to file undeveloped and unsupported requests to seal documents
18 because they cannot agree whether a document should be sealed; nor is any party ever to submit
19 documentation to this Court that is marked as "confidential" without simultaneously filing a
20 request to seal that document.  Further failure to comply with the rules of this Court in this
21 manner will result in sanctions pursuant to Local Rule 110.

22 **IT IS SO ORDERED.**

23 Dated: January 21, 2016

25     Troy L. Nunley
26     United States District Judge